IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| Plaintiff, | § § | |
| v. | § § | CRIMINAL ACTION NO. 4:13-CR-100 |
| COLE PEARCE WHITEFOOT, | § § | |
| Defendant. | § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on February 13, 2020, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea. The Government was represented by Lesley Brooks.

On September 4, 2014, Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to a sentence of forty-six (46) months imprisonment followed by a three (3) year term of supervised release for the offense of Possession of a Stolen Firearm. Defendant began his term of supervision on June 30, 2017. This case was transferred to the Honorable Marcia A. Crone on December 27, 2017. Mr. Whitefoot's original term of supervised release was revoked in 2018 for violations related to his drug use. On November 18, 2019, this case was further reassigned to U.S. District Judge Sean Jordan.

On January 28, 2020, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 66, Sealed]. The Petition asserted that Defendant violated five (5) conditions of supervision, as follows: (1) defendant must not unlawfully possess

a controlled substance; (2) defendant must refrain from any unlawful use of a controlled substance; (3) after initially reporting to the probation office, defendant will receive instructions from the court or the probation officer about how and when defendant must report to the probation officer, and defendant must report to the probation officer as instructed; (4) defendant must not communicate or interact with someone defendant knows is engaged in criminal activity. If defendant knows someone has been convicted of a felony, defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer; and (5) defendant must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise defendant's participation in the program. Defendant must pay any cost associated with treatment and testing.

The Petition alleges that Defendant committed the following acts: (1), (2) The defendant submitted to urine specimens on October 23, 2019 and December 5, 2019, which tested positive for methamphetamine. The specimens were confirmed positive by Alere Laboratory Inc. Additionally, the defendant verbally admitted to said drug use; (3) The defendant failed to report to the U.S. Probation Office as instructed on January 10, and January 17, 2020; (4) On October 22, 2019, Richardson Texas Police Department stopped a vehicle at 1:03 a.m. in an area of the city which had been recently damaged by a tornado and was without power. The defendant was a passenger and Terry Shawn Haynes was the driver. Richardson Police Officer Heron reported there was methamphetamine found on the front seat of the vehicle and Mr. Haynes was arrested for Possession of a Controlled Substance; and (5) The defendant failed to attend substance abuse treatment as directed during the weeks of December 9, December 16, December 23, December 30, 2019, January 13 and January 20, 2020. The defendant failed to submit to drug testing as directed

on December 7, December 9, December 10, December 13, December 28, 2019, January 6, January 11, and January 14, 2020.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 1 and 2 of the Petition. The Government dismissed the remaining allegations. Having considered the Petition and the plea of true to allegations 1 and 2, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court. At hearing, Defendant requested to be housed at the Bureau of Prisons Seagoville facility.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months and one (1) day, with no term of supervised release to follow. The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 2nd day of March, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE